UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sunita Teekasingh

                Plaintiff

v.                          **COMPLAINT AND JURY DEMAND**

Medtronic Inc.,

                Defendant

## PARTIES

1. Plaintiff Sunita Teekasingh is a forty two year old female who, during all times relevant to this Complaint, was a resident of the State of Minnesota and at times and a dual resident of the State of California for part of the time relevant hereto.

2. Defendant Medtronic Inc., is the world's larges independent medical technology company. Its headquarters are based in the city of Minneapolis, County of Hennepin, State of Minnesota. Defendant has regional offices and key manufacturing, service and research and development facilities throughout the United States, including Medtronic CardioVascular, Santa Rosa.

3. Upon information and belief, at all times material, Plaintiff was an "employee" within the meaning of the ADEA, Title VII and FMLA.

4. Upon information and belief, at all times material, Defendant was an "employer" within the meaning of the ADEA, Title VII and FMLA.

SCANNED NOV 14 2011 U.S. DISTRICT COURT MPLS

## JURISDICTION AND VENUE

5. This Complaint seeks to remedy age discrimination in violation of the Age Discrimination in Employment Act (ADEA) of 1976, retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq., interference with Plaintiff's rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 et seq., and retaliation for seeking statutory rights in violation of the Family and Medical Leave Act, 29 U.S.C. § 2611 et. seq. and, pursuant to Minnesota common law, tortious interference with a contract.

6. This court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under the ADEA, Title VII and FMLA, pursuant to 28 U.S.C. § 1331.

7. Venue is proper as the Plaintiff resides in Minnesota, and the Defendant is a Minnesota corporation that does business in the State of Minnesota.

8. Plaintiff is an individual, forty-two years of age, born July 17, 1969. Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission on March 3, 2010, Charge No. 550-2010-00491. A Notice of Right to Sue was signed by the EEOC on August 12, 2011. Plaintiff has fully complied with the administrative requirements and has exhausted the administrative remedies.

9. Plaintiff timely filed a charge of age discrimination and retaliation and violations of the FMLA in the form of retaliation and interference with her

rights pursuant to the FMLA with the California Department of Fair Employment and Housing.

## FACTUAL ALLEGATIONS

10. On or about February 2006 Plaintiff was hired by Medtronic as a Regulatory Affairs Specialist. This job was located in Minnesota. In or about February 2008, Plaintiff's supervisor informed Plaintiff that senior management requested that Plaintiff move to Santa Rosa, California from her telecommuting job in Minnesota.

11. In approximately April 2008, after Plaintiff had signed the papers accepting the job but before she moved, Plaintiff's supervisor told Plaintiff that she did not think that making this move would be good for Plaintiff's career because she was an "older" employee and the development opportunities would go to younger employees rather than Plaintiff.

12. In or around May 2008, Plaintiff informed Human Resources about the supervisor's comments. In June 2008, Plaintiff met with Victoria Pearson, a Vice President, who assured Plaintiff that the supervisor's comments were not true.

13. In approximately June 2008, Plaintiff moved to Santa Rosa (but maintained a residence in Minnesota) and she started working for a new supervisor, Mark Hoekwater. Plaintiff had discussions with Vice President Pearson and Hoekwater about projects she wanted to work on to move her career forward. Plaintiff, along with Hoekwater and Pearson, identified training and

education/meetings for the 2009 year that would assist Plaintiff in reaching her goals.

14. Plaintiff discussed these plans throughout the year of 2009. Plaintiff did not receive any of the opportunities she had discussed. Instead the opportunities went to younger employees who had little to no experience.

15. During 2008 and 2009, Plaintiff was harassed by a male co-worker. In 2008 Plaintiff obtained a protective order against the male co-worker but the harassment continued. The Order for Protection ordered the male harasser maintain a distance of at least 100 yards from Plaintiff at all times. Plaintiff informed Medtronic, including Human Resource Director Deb Yount and Hoekwater of the co-worker's continued harassing conduct and of multiple violation of the protective order. Defendant, however, did not sufficiently respond or ensure the order was enforced. On several occasions, Defendant asked Plaintiff to not attend company sponsored events and she was required to reduce or change her work hours to accommodate the harassing co-worker.

16. In January 2009, Human Resources instructed Plaintiff that she was not to talk to anyone about the Order for Protection and that if she did discuss it with anyone, she would be terminated.

17. By April 2009, Plaintiff informed Pearson and Hoekwater, that the harassing and hostile work environment caused by the male co-worker and Defendant's failure to assist in the implementation of the protective Order, was causing significant distress that she was considering taking leave.

18. Upon information and belief, on or about April 7, 2009, Hoekwater wrote a performance improvement plan for Plaintiff that was to end September 30, 2009. On Plaintiff's information and belief, she did not know of or receive this Performance Improvement Plan until July 27, 2009 upon her return from leave.

19. On or about April 14, 2009, Plaintiff went on FMLA leave and was scheduled to return on or about July 5, 2009. Plaintiff's doctor extended her leave to July 27, 2009. Plaintiff contacted her supervisor and informed him of the need for extension to which he replied that if she did not return on July 27th, she would be terminated. When Plaintiff returned from FMLA leave she learned that her projects were either cancelled or had been assigned to younger employees.

20. When Plaintiff returned from leave Hoekwater either did not provide sufficient guidance, provided incorrect information regarding what Plaintiff should work on according to her plan and/or he instructed her to work on or complete tasks she never done before.

21. When Plaintiff returned from her leave and she met with Hoekwater and he told her that no matter how hard she worked she would never meet the standards of the plan and would be terminated. He also reminded her how "things like this work in court" and they go on forever so she shouldn't fight it.

22. During 2009 Plaintiff also sought assistance from Delores Fridge, Defendant's Chief Resolution Officer (CRO) in addressing the differential treatment due to

the harassing male co-worker, FMLA and her age and lack of support from Defendant regarding her complaints. CRO Fridge is located in Minnesota. Fridge told Plaintiff during August 2009 to "work as hard as she could" because Defendant wanted her gone and told her to write a letter to Defendant regarding the issues related to age discrimination. Fridge contacted Plaintiff just weeks before her termination to ask her how she was doing. Plaintiff told her that the harassment was continuing.

23. Younger employees were also afforded training and were encouraged to attend seminars. Plaintiff was not.

24. Younger employees were hired and/or promoted into positions for which Plaintiff was qualified and Plaintiff was not.

25. Prior to the completion of the PIP, Defendant, including Hoekwater and Pearson, terminated Plaintiff on September 14, 2009. During this meeting, Pearson told Plaintiff she would be a reference for her and that she could apply for other jobs at other Medtronic locations.

26. After being terminated, Plaintiff moved back to Minnesota 100% and applied for other positions with Medtronic, but did not obtain a position directly with Medtronic. Plaintiff did obtain a contract job through Three Point Solutions. Upon information and belief, Deb Yount contacted Human Resources and made negative statements about Plaintiff and her contract through Three Point Solutions was terminated shortly thereafter.

27. As result a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation,

embarrassment, pain and suffering, loss of wages and benefits, and other serious damages.

## COUNT I
## AGE DISCRIMINATION IN
## VIOLATION OF THE ADEA

28. Plaintiff incorporates and realleges every paragraph of this Complaint.

29. The ADEA makes it unlawful for an employer to engage in employment discrimination against any individual forty (40) years of age and older because of the individual's age.

30. Plaintiff was born July 17, 1969 and falls within in the group protected by the ADEA.

31. Defendant's conduct was a willful violation of the ADEA.

32. The acts of Defendant in terminating Plaintiff in violation of the ADEA have caused Plaintiff to be permanently and irreparably harmed and damaged and cost or lost wages and benefits, including, but not limited to, health insurance and pension benefits, emotion distress, other compensatory damages and incurred attorneys fees and costs.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

33. Plaintiff incorporates and realleges every paragraph of this Complaint.

34. Title VII prohibits retaliation against employees who oppose violations of Title VII.

35. Plaintiff engaged in protected activity.

36. Defendant retaliated against Plaintiff for engaging in protected activity.

37. Defendant retaliated against Plaintiff with malice and reckless indifference to Plaintiff's federally protected rights.

38. As a proximate cause of Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, including, but not limited to, health insurance and pension benefits, emotional distress, other compensatory damages and has incurred attorneys' fees and costs.

### COUNT III
### RETALIATION IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT

39. Plaintiff re-alleges each and every paragraph of this Complaint.

40. Defendant, through its managers and employees acting on behalf of Defendant and within the scope of their employment, retaliated against Plaintiff in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611 *et seq*. These practices included, but are not limited to, retaliating against Plaintiff for indicating her need to take FMLA leave and retaliating against Plaintiff for taking FMLA leave.

41. The unlawful employment practices complained of above were intentional and were performed by Defendant with malice and/or reckless indifference to the anti-retaliation laws which protect Plaintiff.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and other serious damages.

## COUNT IV
## INTERFERENCE WITH
## FAMILY AND MEDICAL LEAVE ACT RIGHTS

43. Plaintiff re-alleges each and every paragraph of this Complaint.

44. Under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611 *et seq.*, an employer is required to restore an employee who is on FMLA qualifying leave to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1).

45. Plaintiff was entitled to restoration benefits under the FMLA, 29 U.S.C. § 2614.

46. Defendant intimidated and threatened Plaintiff with termination when she requested leave and requested to extend her leave. In so doing, Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.*

47. The unlawful employment practices complained of above were intentional and were performed by Defendant with malice and/or reckless indifference to the statutory benefits and rights created by the FMLA, 29 U.S.C. §§ 2611 *et seq.*

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and other serious damages.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACT

49. Plaintiff realleges each and every paragraph of this Complaint.

50. Plaintiff had an employment contract with Defendant Medtronic and Three Point Solutions.

51. Defendant was aware of Plaintiff's employment contract to work at its Minnesota location via Three Point Solutions.

52. Defendant intentionally, and without justification, interfered with Plaintiff's employment contract with Three Point Solutions.

53. As a result of Defendant's illegal actions, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for the following:

a. Declaring that Defendant's acts and/or omissions described in this Complaint constitute violations of applicable state and federal laws which protect Plaintiff;

b. Enjoining Defendant and its employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries and all other persons acting in concert or participation with it, from its unlawful acts;

  c. That Defendant be required to make Plaintiff whole for its adverse, retaliatory, discriminatory actions through restitution in the form of back pay, with interest of an appropriate inflation factor;

  d. That Plaintiff be reinstated to her job, or, in the alternative, be awarded front pay and monetary value of any employment benefits she would have been entitled to by Defendant;

  e. That the Court award Plaintiff her attorneys' fees, costs, and disbursements pursuant to statute, and;

  f. That the Court grant such other and further relief as it deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

Dated November 14, 2011

**BAILLON THOME JOZWIAK MILLER & WANTA LLP**

s/ Joni M. Thome
Joni M. Thome, 232087
Frances E. Baillon, 028435X
222 South 9th Street
Suite 2955
Minneapolis, MN 55402
t. 612-466-0422
Thome@baillonthome.com
Baillon@baillonthome.com

*Attorneys for Plaintiff*