UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sunita Teekasingh,

        Plaintiff,                              Civil No. 11-03336 (SRN/JJG)

v.

Medtronic, Inc.,                               **MEMORANDUM OPINION
                                                                            AND ORDER**

        Defendant.

___

Joni M. Thome and Frances E. Baillon, Baillon, Thome, Jozwiak, Miller & Wanta, LLP, 222 South Ninth Street, Suite 2955, Minneapolis, MN 55402, for Plaintiff.

Kathryn Mrkonich Wilson, Littler Mendelson, P.C., 1300 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for Defendant.

___

SUSAN RICHARD NELSON, United States District Court Judge

      This matter came before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. No. 9.) For the reasons that follow, Defendant's Motion is granted.

**I.     BACKGROUND**

      Plaintiff Sunita Teekasingh worked for Defendant Medtronic, Inc. as a Regulatory Affairs Specialist in its Minnesota and California offices from approximately March 6, 2006 until September 14, 2009 when she was terminated. (Doc. No. 1, ¶ 10, 25; Doc. No. 17-1, Ex. B.) Plaintiff alleges that one of her supervisors told her that younger employees would likely receive developmental opportunities before her, (Doc. No. 1, ¶ 11), that a second supervisor often gave younger employees more desirable assignments, (Id. ¶¶ 13–14), that Defendant refused to assist her in enforcing a protective order against a male co-worker, (Id. ¶¶ 15–16), and that her supervisors discriminated against her after she had returned from taking Family Medical Leave Act ("FMLA") leave. (Id. ¶¶ 19–24.) Plaintiff contends that her termination from

1

Defendant was due to discrimination and that negative comments made by employees of Defendant also resulted in her termination from a subsequent employer.  (Id. ¶ 26.)

After her termination in 2009, Plaintiff wrote a letter to the Equal Employment Opportunity Commission ("EEOC") concerning allegations of employment discrimination at Defendant.  (Doc. No. 20, p. 11.)  In response, the EEOC sent Plaintiff a letter on November 16, 2009, stating that it needed additional information "to determine how we should handle this case" and requested that she complete an intake questionnaire "as soon as possible because charges of employment discrimination must be filed within 300 days of the date of violation." (Doc. No. 21-1, Ex. 1.)  The EEOC also noted that if Plaintiff did not respond to the letter within 30 days, it "will assume that [she] did not intend to file a charge of discrimination[.]"  (Id.)

Plaintiff submitted her responses to an EEOC intake questionnaire on December 28, 2009 claiming discrimination based on sex, age, and religion.  (Doc. No. 23-1, Ex. D.)[1]  While the completed questionnaire stated that Plaintiff felt she "was fired in retation [sic] for calling the police to enforce [her] restraining order," Plaintiff did not check the box for employment discrimination based on "retaliation."  (Id.)

On March 3, 2010, Plaintiff filed a Charge of Discrimination with the EEOC, alleging discrimination based on age in violation of the Age Discrimination in Employment Act

---

[1] Plaintiff submitted to the Court a different version of her responses to the intake questionnaire than the one submitted by the Defendant.  (Compare Doc. No. 21-1, Ex. 2 with Doc. No. 23-1, Ex. D.)  Unlike Defendant's version, Plaintiff's version checks the box for a claim of Title VII retaliation, is not notarized, and does not indicate that the EEOC received it. (Id.)  Defendant explains that it obtained the intake questionnaire that it submitted directly from the EEOC after making a Freedom of Information Act request for Plaintiff's file.  (Doc. No. 23, ¶ 3.)  Plaintiff's counsel acknowledges that her version of the intake questionnaire may not have been filed with the EEOC.  (Doc. No. 23-1, Ex. E).  Since Plaintiff has not verified whether she filed her version of the intake questionnaire with the EEOC and there is evidence suggesting that she did not, it will not be considered by the Court.  Stahl v. U.S.D.A., 327 F.3d 697, 700 (8th Cir. 2003) (finding the court "has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion").

("ADEA"). (Doc. No. 17-1, Ex. B.) In the narrative portion of her charge, Plaintiff claimed that "[y]ounger employees were afforded training and attending seminars, but [she] was not." (Id.) Plaintiff also alleged that "younger employees who were hired after [she] was hired, were promoted and [she] was not." (Id.) Plaintiff did not claim discrimination based on Title VII retaliation—or any other Title VII protected class—in her EEOC Charge. (Cf. id.)

Plaintiff filed a charge with the California Department of Fair Employment and Housing ("DFEH") on September 14, 2010—365 days after Defendant had terminated her employment. (Doc. No. 17-1, Ex A.) Plaintiff's DFEH charge indicated that the basis of her charge was "Denial of Family/Medical Leave." (Id.) Plaintiff did not allege discrimination on any other basis such as age, race, gender, or color. (Id.) The DFEH charge states that she was "terminated in retaliation for making complaint [sic] about threats made by a coworker." (Id.) Plaintiff also requested that DFEH cross-file her charge with the EEOC. (Id.)

The EEOC issued a Notice of Right to Sue regarding Plaintiff's charge of age discrimination on August 12, 2011. (Doc. No. 17-1, Ex. C.) The EEOC's Right to Sue Notice granted Plaintiff a right to sue Defendant under the ADEA, but not under Title VII. (Id.) The DFEH issued a Notice of Right to Sue regarding Plaintiff's charge on August 3, 2011. (Doc. No. 21-1, Ex. 3.) The DFEH stated, "[b]ased upon its investigation, DHEF is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes." (Id.)[2]

---

[2] The Plaintiff did not attach a copy of her EEOC charge, DFEH charge, or correspondence with either agency to her Complaint, but this does not preclude our consideration of these documents for the purposes of this motion. Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997) (noting that a court may consider an undisputedly authentic document attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document).

## II.     PROCEDURAL POSTURE

On November 14, 2011, Plaintiff filed this Complaint alleging five claims: (1) age discrimination in violation of the ADEA (Count I); (2) retaliation in violation of Title VII (Count II); (3) retaliation in violation of the FMLA (Count III); (4) interference with FMLA rights (Count IV); and (5) tortious interference with a contract (Count V).  (Doc. No. 1.)  Defendant has now moved to dismiss Count II of Plaintiff's Complaint that alleges retaliation in violation of Title VII.  (Doc. No. 9.)

## III.    DISCUSSION

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  The Court need not, however, accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions Plaintiff draws from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550 U.S. at 556.  Moreover, "[i]f the allegations . . . show that relief is

4

barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" Jones v. Brock, 549 U.S. 199, 215 (2007).

### A. Plaintiff Failed to Exhaust Her Administrative Remedies for Her Title VII Retaliation Claim

A Title VII plaintiff must exhaust her administrative remedies before bringing suit in federal court. Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006). Exhaustion requires "(1) timely fil[ing] a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receiv[ing] notice of the right to sue." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e-5(b), (c), (e)). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Cotrill, 443 F.3d at 634 (citing 29 C.F.R. § 1601.12(b)). When an individual receives a right to sue letter from the EEOC, "the charge limits the scope of the subsequent civil action because the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Id. (citation and quotation omitted). While courts "liberally construe an administrative charge for exhaustion of remedies purposes," a difference exists "between liberally reading a claim which lacks specificity, and investing, *ex nihlio*, a claim which simply was not made." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (citation and quotation omitted).

Plaintiff has not exhausted her administrative remedies on her Title VII retaliation claim because she did not specifically allege Title VII retaliation in her EEOC charge and the claims in her EEOC charge are not "like or reasonably related to" a Title VII retaliation claim. Her EEOC charge solely claims discrimination based on her age in violation of the ADEA. The charge alleges that "[y]ounger employees were afforded training and attending seminars, but I was not,"

5

(Doc. No. 17-1, Ex. B.), and that "younger employees who were hired after I was hired, were promoted and I was not." (Id.) Plaintiff's EEOC charge does not refer to any Title VII protected characteristics, such as her race, color, gender, national origin, or religion. It fails to reference any retaliation by Defendant. Moreover, the EEOC right to sue letter allowed Plaintiff to seek relief solely under the ADEA. Plaintiff's claim of age discrimination under the ADEA contained in her charge is therefore not "like or reasonably related" to a claim of retaliation under Title VII and she failed to exhaust her administrative remedies prior to filing this lawsuit.

      **B. Plaintiff's Responses to the EEOC Intake Questionnaire Does Not Satisfy Her Obligation to Exhaust Her Administrative Remedies**

Plaintiff argues that she exhausted her administrative remedies because she filed an intake questionnaire with the EEOC that referenced retaliation. In Title VII cases, "intake questionnaires do not satisfy the statutory requirements for a charge because they are not verified." Lawrence v. Cooper Communities, 132 F.3d 447, 450 (8th Cir. 1998) (citations omitted); see also 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires."). "Allegations outside the scope of the EEOC charge . . . circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1025 (8th Cir. 2004) (citation omitted); see also Novitsky v. American Consulting Eng'rs, L.L.C., 196 F.3d 699, 702 (7th Cir. 1999) ("Under the statute . . . it is the charge rather than the questionnaire that matters. . . . Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation.") (citations omitted).

    Plaintiff's statements in her intake questionnaire that she felt she "was fired in retation [sic] for calling the police to enforce [her] restraining order" do not satisfy her exhaustion obligation. (Doc. No. 23-1, Ex. D.) Her intake questionnaire cannot be construed as part of the

6

charge because the allegations contained in it were never verified.  Only the information in Plaintiff's EEOC charge can be used to determine whether she exhausted her administrative remedies on her Title VII claim.  Plaintiff's intake questionnaire therefore does not cure her failure to exhaust her administrative remedies prior to filing this lawsuit.[3]

### C. Plaintiff's Title VII Retaliation Claim is Now Time Barred

The applicable statute of limitations for claims arising under Title VII is 300 days after the alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e)(1).  A Title VII claim that was not timely filed with the EEOC should be dismissed.  See, e.g., Chaffin v. Rheem Mfg. Co., 904 F.2d 1269, 1271 (8th Cir. 1990).

Defendant terminated Plaintiff on September 14, 2009 and she filed a charge of discrimination with the EEOC on March 3, 2010, claiming age discrimination under the ADEA.  Her EEOC charge did not allege a claim for retaliation in violation of Title VII.  Under 42 U.S.C. § 2000e-5(e), Plaintiff was required to file a charge with the EEOC for Title VII retaliation within 300 days of the alleged discriminatory conduct.  Plaintiff filed the present action against Defendant on November 14, 2011—over 300 days after the date from which she claims that retaliation occurred—without first filing a charge with the EEOC in relation to her Title VII retaliation claim.  Since she failed to follow the procedural requirements under 42 U.S.C. § 2000e-5(e), Plaintiff's Title VII retaliation claim is time barred.

---

[3] Even if the Court considered Plaintiff's EEOC intake questionnaire, Plaintiff would still fail to meet her obligation to exhaust her administrative remedies because her intake form only references retaliation in relation to enforcement of her protective order.  (Doc. No. 23-1, Ex. D.)  Plaintiff's responses to the EEOC intake questionnaire does not reference participation by Plaintiff in an activity protected by Title VII as is required to state a Title VII retaliation claim.  See e.g., Tademe v. St. Cloud State Univ., 328 F.3d 982, 992 (8th Cir. 2003) (participation in activity protected by Title VII is a required prima facie element of Title VII retaliation claims).

Plaintiff contends that her DFEH charge contained allegations of retaliation and she satisfied her obligations to exhaust her administrative remedies because it was cross-filed with the EEOC. Plaintiff did not file her charge with DFEH, however, until September 14, 2010—65 days after Plaintiff's Title VII claims expired. Any purported Title VII retaliation claim that Plaintiff contends is raised in her DFEH charge is therefore time-barred. Accordingly, Plaintiff's Title VII retaliation claim is time barred.[4]

### IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. No. 9) is **GRANTED**; and

2. Count II of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

Dated:   June 15, 2012

                                        s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge

---

[4] Plaintiff would still fail to meet her obligation to exhaust her administrative remedies if the Court considered her DFEH charge because the DFEH charge only includes a claim for "Denial of Family Leave." (Doc. No. 17-1, Ex. A.) Plaintiff's DFEH charge does not allege participation by Plaintiff in an activity protected by Title VII as is required to state a Title VII retaliation claim. See e.g., Tademe, 328 F.3d at 992.